## Case No. 10,921.

### PENDLETON v. EVANS.

[4 Wash. C. C. 391.] [1]

Circuit Court, E. D. Pennsylvania. April Term, 1823.

EQUITY—PRACTICE — BILL TAKEN PRO CONFESSO.

1. If the bill were taken pro confesso at one session of this court, and service of this decree be made and returned at the same session, it may be made absolute at the following session; otherwise, it cannot be made absolute until the third session of the court.

2. A bill being, for a balance of an account, taken pro confesso, the account must be referred to the master. The decree is always nisi.

[Cited in Thompson v. Goulding, 5 Allen, 82; Hazard v. Durant, 12 R. I. 100.]

The plaintiff, having complied with what was required by the court upon the former motion [Case No. 10,920], now renewed his motion to take the bill for confessed, and presented the form of a decree, that the defendants [Oliver Evans' executors] should pay to the plaintiff the sums stated in the account annexed to the bill, as well as other sums advanced by the plaintiff on account of the estate of the said Oliver Evans, since his death.

WASHINGTON, Circuit Justice. The decree which has been prepared by the plaintiff's counsel, is incorrect in two particulars. First, it is absolute; and secondly, it decrees in a matter of an unsettled account, the sum claimed, without a reference to the master. The sixth rule prescribed by the supreme court certainly allows a very long time for the defendant to show cause why the decree pro confesso should not be made absolute. It cannot be made so in this case, before the April court of 1824. But I am clearly of opinion, that, if this bill had been taken for confessed at so early a part of this session, as to admit service of the decree, and a return before the final adjournment of the court, it might be made absolute at the next October session.

NOTE. The following decree was made: "This cause came on this tenth day of November, in the year of our Lord one thousand eight hundred and twenty-four, upon the reports of the master made the eleventh of October, in the year one thousand eight hundred and twenty-three, in pursuance of the order and decree of this court of the thirtieth of April in the year one thousand eight hundred and twenty-three, to which report no exceptions have been filed: Whereupon, it is now ordered and decreed, that the said report be in all things ratified and confirmed, and that the defendant, Cadwalader Evans, against whom the bill filed in this cause, was taken for confessed by order of the court on the thirtieth day of April, in the year one thousand eight hundred and twenty-three, and was afterwards, to wit, on the thirtieth day of October, in the year one thousand eight hundred and twenty-four, confirmed and made absolute, do, out of the goods and effects of the testator, Oliver Evans, in his hands to be administered, pay to the plaintiff the sum of two thousand six hundred and fifty-two dollars ninety-nine and a half cents, being the amount of principal and interest stated in the said report to be due to the plaintiff from the estate of the said Oliver Evans, together with interest on the said sum of two thousand six hundred and fifty-two dollars ninety-nine and a half cents, from the eleventh day of October in the year one thousand eight hundred and twenty-three, as also the costs of this suit, if so much he hath of the estate and effects of the said testator in his hands to be administered; and if not, that then he pay the costs of this suit out of his own goods and effects."